**SHAPIRO et, Plaintiffs-Appellants, v. BYERS REALTY, INC., et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4298.   Decided March 13, 1950.

Cecile J. Shapiro, Columbus, for plaintiffs-appellants.

Wright, Harlor, Purpus, Morris & Arnold, John C. Harlor, of Counsel, Columbus, for defendants-appellees, Byers Realty, Inc., The 580 East Town Street Corporation, Gedez Realty Corporation, and Townley Court, Inc.

Vorys, Sater, Seymour & Pease, Carl H. Tangeman, of Counsel, Columbus, for defendant-appellee, Maryland Casualty Co.

## OPINION

By HORNBECK, J.

The appeal is from a judgment on behalf of the defendants upon the direction of the trial judge at the conclusion of

the testimony offered on behalf of the plaintiffs and the defendants.'

The action was in ejectment and involved certain real properties fully described in the amended petition and formerly owned by Theodora W. Rogers, deceased. The petition also sought an accounting for rents and profits which question was not reached because of the directed verdict upon the issue joined as to the right of the plaintiffs to an order of ejectment.

The assignments are set up under ten headings, the first of which is divided into sixteen subheadings, all directed to the refusal of the Court to receive certain testimony over the exceptions of the plaintiffs.

The second assignment is directed to the refusal to admit Exhibits H, I and J proffered by plaintiffs.

The third ground asserts that the Court erred in refusing to admit the reading of certain affidavits proffered by the plaintiffs.

The fourth assignment charges that the trial judge abused his discretion by interposing objections on his own part to certain evidence sought to be introduced by plaintiffs, by improper remarks to the jury, by attempting to disqualify the executrix from testifying and by leading the case for defendants' counsel.

The fifth assignment is misconduct of the Court in comment to the jury as to credibility of plaintiffs' witness.

Sixth, action on the part of the Court requiring plaintiffs to show pertinency and relevancy of each exhibit although counsel for defendants raised no objection in the record thereto.

Seventh, error in excluding certain testimony in five designated instances.

The eighth and ninth, the judgment is manifestly against the weight of the evidence and contrary to law.

The tenth, the Court erred in directing a verdict for the defendants, and the eleventh, other errors apparent upon the face of the record.

We have read this record, the pleadings in this case, the pleadings in case No. 838, in the District Court of the United States for the Southern District of Ohio, Eastern Division, Argent Financial Corporation v. The Townley Court, Inc., etc., et al., the reference of issues drawn by Theodora W. Rogers, as intervening petitioner, and the findings of the special master appointed by the Court and the judgment orders eventually made. In this case the defendants after a general denial, pleaded the action of the Federal Court

in the above cited case as res adjudicata of the issues here joined and as an estoppel by judgment and by conduct of plaintiffs' decedent and the statute of limitations.

Judge King, in the trial of this case, was most considerate of counsel for plaintiffs in the acceptance of testimony and evidence, the admissibility of some of which was doubtful, and we are satisfied that in no instance could the plaintiffs have been prejudiced by the refusal of the trial judge to admit certain testimony and exhibits proffered by them. No act on the part of the trial judge indicated any abuse of discretion or any failure to maintain uniform impartiality between the parties.

It would serve no good purpose to add an extended opinion in this Court to the legal literature which has grown out of the transactions portrayed in this record. The trial judge did not, nor would we invoke any technical legal principle to detect any weakness in the case made by the plaintiffs in chief. Judge King in directing the verdict fully and completely resolved the controlling issues made particularly upon the answers of the defendants and we adopt his conclusions and the reasons therefor.

The outstanding fact in this case is that plaintiffs' decedent, upon her own motion, intervened to set up her claimed rights growing out of the same transactions brought onto the record in this case. The matter was under consideration by the Court whose jurisdiction was properly invoked. The parties, either by name or by predecessors in title, were before the Court. The subject matter litigated was the same and all issues found here were raised and presented, or could have been presented, by Mrs. Rogers. The fullest consideration was given to her claims as there asserted and there is brought onto the record in this case the fullest exposition of the litigation of her rights as she then asserted them. In that case Mrs. Rogers did not claim that she had not delivered the deed to defendants' precedecessor in title. On the contrary, she admitted it and set up a vendor's lien. Her claim in Federal Court was grounded upon the proposition that title to the premises had passed, a position inconsistent with her claim in ejectment in this case. There she asserted that she was entitled to the protection of the Court to assure payment to her of certain monies which were due to her under the original agreement with the grantee when she transferred the property to it. The transactions subsequent to the original transfer of the property and the recording of the deed from Mrs. Rogers to the King-Rogers Arms, Inc., brought into question the knowledge of the successors in

title, mortgagees, and trustees of any agreement as to a lien of Mrs. Rogers on the property transferred and as to such knowledge the Federal Judge found against the contention of Mrs. Rogers. This judgment was conclusive as a bar to the actions of plaintiffs in the instant case.

The trial judge properly held that the attack here was a collateral attack; that the defenses of res adjudicata and estoppel as asserted by the defendants were completely established.

We find no assignment of error well made and the judgment must be affirmed.

MILLER, PJ, and WISEMAN, J, concur.

### ON MOTION TO CERTIFY JUDGMENT

No. 4298. Decided April 27, 1950.

By THE COURT.

Submitted on motion of appellants to certify the judgment of this Court to the Supreme Court as being in conflict with judgments pronounced by the Court of Appeals of the First District in the case of **Dahms v. Swinburne, 31 Oh Ap 512,** and of the Second District in the case of **Kight v. Boren, 27 Abs 89,** Franklin County. As to the case decided by this Court, if the pronouncement there made was in conflict with the judgment in the instant case certification would not be appropriate. However, we have examined both cases cited and find that the judgment in neither is in conflict with our judgment here.

The motion will be overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ. concur.